Asa Yohananov
3865 King Williams Street
Fort Myers Florida, 33916



**FILED**

MAY 2 2022

Clerk, US District Court
Middle District of Florida
Fort Myers, Florida

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---

ASA YOHANANOV, as natural father of
LIA & ALICE YOHANANOV,

          Plaintiff,

-against-

BRIS AVROHOM OF FAIR LAWN
D/B/A FAIR LAWN JEWISH DAY CAMPS,
(the "Camp" or "FLJDC"),
BRIS AVROHOM OF FAIR LAWN, INC.
AND RABBI MENDEL ZALTZMAN,

_____/

Docket #  2:22-CV-283-JLB-MRM

Civil Action

**JURY TRIAL DEMANDED**

**Now comes, Asa Yohananov,** as the natural father of Lia & Alice Yohananov and who hereby files instant civil action for damages and Money Judgment, and in support thereof Respectfully states and alleges as follows.

1.    That Asa Yohananov, the plaintiff pro se' in the above captioned matter, is more than 18 years of age, a citizen of the United States, and a resident of Fort Myers Florida. (3865 King Williams Street, Fort Myers Florida, 33916)

2.    That instant complaint is filed by plaintiff as natural father on behalf of his two infant daughters Lia & Alice.

3.   That no other civil complaints involving claims as prosecuted herein have been filed in any other court or arbitration.

## THE PARTIES

4. That plaintiff is the natural father of his daughters Lia & Alice Yohananov, and is a resident of the state of Florida, residing at 3865 King Williams Street Fort Myers Florida, 33916.

5. That Defendant Fair Lawn Jewish Day Camp is a day camp for children located in the state of New Jersey, and conducting interstate business in various states within the United States conducting camp business and campers activities.

## JURISDICTION

6. That Jurisdiction lies before this Honorable Court pursuant to, Diversity of Jurisdiction Title 28 USC Sec. 1332, where the parties are residents of different states and the amount in controversy exceeds $75,000.00 dollars.

## PRELIMINARY STATEMENT

7. This case comes before the court based upon an incident of 'child abuse' suffered by Plaintiff's natural children in Defendant Day Camp, by a Camp counselor, who instilled fear by verbally abusing Plaintiff's daughter Lia, age 12, causing her to suffer emotional distress and her sister Alice a witness to the child abuse of her sister causing her to suffer emotional distress.

That the emotional distress caused sleeplessness, fear and concern about their safety compelling plaintiff to remove his children from the defendant day camp prior to the end of the paid session and when plaintiff demanded refund of enrollment fees paid defendants refused to make refund.

That defendant failed to train and properly supervise the responsible counselor who admitted guilt, operates a camp for children which allows for child abuse and this civil action now follows.

## FACTS INTEGRAL TO ALL COUNTS

8. That plaintiff registered his two minor daughters Lia and Alice in defendant day camp for 3 weeks during the 2021 summer session.

9. That the defendant day camp 'Fair Lawn Jewish Day Camp' is located in New Jersey at 30-02 Fair Lawn Avenue Fair Lawn New Jersey, and conducts camp business and services in interstate commerce conducting business and camp services in various states within the United States.

10. That the defendant day camp advertises and promotes enrollment of children ages 5-13on the internet,

**Mission Statement (fairlawncamp.com/mission defendant website)**

*"It is the mission of FLJDC to provide the children and parents of the Jewish community a safe, fun, and educational summer experience, in a non judgmental environment, through the demonstration of excellence and attention to detail in all aspects of camp and practicing a Kids First philosophy".*

**Goals**

3

- To provide our entire community, and specifically the children, with **a safe, fun, and memorable Jewish summer camp experience**.
- **To affect each camper in a positive manner** and encourage personal character growth.
- To teach campers a new skill, interest campers in a new hobby, help campers make new friends, and help campers overcome a difficulty.

**STAFF THAT CARES**

We hand pick our staff, and ensure our counselors are all with prior camp experience, and trained in CPR and First Aid.

Camp for our counselors is not just a summer job or a place to spend the summer. Our trained staff put tremendous care and attention into every child in their care.

We begin staff training a few weeks before camp starts and focus on the children's success in camp. Once camp begins, the counselors see the children and their bunk as the goal and success of their own summer experience. Children feel this, and it creates an unmatched camp environment and spirit that the children thrive on.

In addition, directors meet with staff regularly about the progress of each bunk and each child in the bunk, this enables us to ensure that each child is maximizing on their camp experience.

11. That the defendant Mission Statement and internet publications constitute false advertising within the meaning of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

12. That according to the personal observation of the plaintiff and experience his minor daughter was subjected to by defendant camp staff member, the advertisement by defendant is deceptive.

13. That defendant advertisement constitutes a material misrepresentation concerning staff training and fitness in light of the observation of the plaintiff and experience of his minor children enrolled in the 2021 Summer Session.

14. That in light of written notice given to the defendant concerning child abuse of his minor daughter by staff member who admitted verbal abuse the defendant false advertisement is knowing and intentional, and defendant had knowledge of the falsification yet continues to falsely advertise on their internet website, with the intention that others will rely on it for enrollment of their children in the 2022 summer Session.

15. That the plaintiff reasonably relied on defendant false advertising as published on defendant internet website and plaintiff reliance upon false advertising by defendant resulted in plaintiff daughter be subjected to child abuse by defendant camp staff member, resulting in damages to the plaintiff and his minor children.

16. That on July 17th, 2021, plaintiff daughter Lia Yohananov age 11 (DOB/4/5/2010) while attending summer day camp session in defendant day camp, was subjected to verbal abuse, humiliation in presence of her sister and peers, and intimidation by male camp staff member, (Elliot Sarnov) instilling fear in plaintiff child Lia, who staff member verbally berated, calling her **"weird, annoying and an ass-hole"**, causing plaintiff daughter to become traumatized from the experience requiring professional therapy for trauma at Bergen County Promise.

17. That upon notice by his daughter plaintiff contacted defendant Rabbi Mendel, Camp Director, in writing notifying him of the event.

18. That defendant Rabbi Mendel replied in a written apology and admitted

5

to confirming the child abuse event complained of, but took no other corrective action.

19. That plaintiff removed his children from camp enrollment for the 2021 summer session prior to conclusion and demanded a reimbursement of enrollment fees ($3,750.00) which was refused by defendant Rabi Mendel.

20. That defendant employed deceptive trade practices in their advertisement for camp participation promising a safe environment and supervision by professional staff.

21. That events complained of took place on campgrounds during regular camp day.

22. That the damages suffered by the plaintiff exceed $75,000.00 dollars including camp tuition costs, need for professional therapy, and punitive damages.

## COUNT ONE
## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT
### Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

23. That plaintiff incorporates all facts and averments as stated in paragraphs 1-22 above as though actually set forth herein and;

24. Further asserts that defendant's actions constitute a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., BY EMPLOYING FALSE and deceptive practices in their online advertisement promising a safe environment for the minor children enrolled in the camp.

25. That defendant staff member admits to verbal abuse of plaintiff's children.

26. That plaintiff children were placed in fear.

27. That plaintiff children were humiliated in from of peers.

28. That plaintiff children were frightened to return to camp.

29. That plaintiff children required professional therapy.

**WHEREFORE,** plaintiff seeks damages as determined by a jury at trial, including but not limited to statutory Treble damages, actual damages, consequential damages and punitive damages, together with reasonable attorney fees, court costs together with pre and post judgment interest.

## COUNT TWO
## BREACH OF CONTRACT

30. That plaintiff incorporates all facts and averments as stated in paragraphs 1-29 above as though actually set forth herein and;

31. That the parties had a contract to enroll plaintiff children in defendant Summer Camp Program.

32. That plaintiff had a reasonable expectation that children would be safe

7

while in attendance at summer camp, and defendant breached the contract by subjecting children to abusive conduct through their staff member.

33. That defendants breached the contract by engaging in unlawful conduct in subject plaintiff children to ridicule and scorn in front of peers, compelling children to end summer camp program prematurely.

34. That plaintiff paid $3,750.00 in tuition for 3 weeks of attendance of his children in summer camp who were forced to withdraw from camp program due to abusive action by camp staff member.

35. **WHEREFORE** plaintiff demands a Money Judgment in the amount of $3,750.00, as reimbursement for tuition, together with reasonable attorney fees, court costs, pre and post judgment interest, and any other different relief the Court deems necessary and proper within its jurisdiction.

## CONCLUSION

36. The defendants though bad acts of its employee, staff member subjected children to child abuse, in violation of New Jersey State Law, causing the children to suffer shame and humiliation in front of their peers and instilling freight and fear in children preventing them to complete summer day camp as contracted for.

37. That the plaintiff in addition to filing instant civil complaint has filed formal charges with State authorities for child abuse.

38. That plaintiff children required extended professional therapy for suffering during traumatic event as set forth more fully above.

39. That plaintiff demands a money judgment for damages as set forth under each count of the complaint more fully above.

**Respectfully submitted,**

_____

Asa Yohananov,
Plaintiff pro se'

May 2nd, 2022