2258640

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No. 2:22-CV-283-JLB-MRM

ASA YOHANANOV, as Natural Father of Lia
Yohananov and Alice Yohananov,

  Plaintiff,

v.

BRIS AVROHOM OF FAIR LAWN, d/b/a FAIR
LAWN JEWISH DAY CAMPS, BRIS AVROHOM
OF FAIR LAWN, INC. and RABBI MENDEL
ZALTZMAN,

  Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF *IN PERSONAM* JURISDICTION, OR IN THE ALTERNATIVE, MOTION TO COMPEL BINDING ARBITRATION AND STAY ACTION, OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION, AND MOTION TO DISMISS RABBI MENDEL ZALTZMAN FOR FAILURE TO STATE A CAUSE OF ACTION

COME NOW, the Defendants, BRIS AVROHOM OF FAIR LAWN d/b/a

FAIR LAW JEWISH DAY CAMPS, BRIS AVROHOM OF FAIR LAWN, INC.

and RABBI MENDEL ZALTZMAN, by and through undersigned counsel and

hereby move the Court to dismiss this action for lack of *in personam* jurisdiction, or

in the alternative move to compel binding arbitration and stay this action pending

arbitration, or in the alternative move to dismiss the action for failure to state a cause of action, and Rabbi Mendel Zaltzman moves to dismiss this action for failure to state a cause of action against him, and in support the Defendants state as follows:

## **CONCISE STATEMENT OF THE RELIEF REQUESTED**

1.     The Plaintiff, ASA YOHANANOV ("the Plaintiff") has brought suit as natural father of his two minor daughters against New Jersey entities which hold a day camp in New Jersey ("FLJDC"), and the Rabbi who is the Vice-President and Director of the corporate entity.

2.     The primary relief sought in this Motion is a dismissal of all Defendants for lack of *in personam* jurisdiction, pursuant to Rule 12(b)(2) Fed. R. Civ. P.

3.     So that additional arguments are not waived, the Defendants alternatively move to compel binding arbitration and to stay this action pending arbitration.

4.     So that additional arguments are not waived, all Defendants also move in the alternative to dismiss the Complaint for failure to state causes of action, pursuant to Rule 12(b)(6) Fed. R. Civ. P.

5.     Finally, the individual defendant, Rabbi Mendel Zaltzman, moves to dismiss the action for failure to state a cause of action against him, pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## STATEMENT OF THE BASIS FOR THE REQUEST

6.     As to the jurisdictional ground for the Motion to Dismiss, the Defendants have no contacts with the State of Florida.  As shown by the Affidavit of Rabbi Mendel Zaltzman, filed herewith as Exhibit "1", the Defendants have never done any business in Florida, have never had any bank accounts here, have never solicited business for the camp in Florida, have never maintained a mailing address or telephone number in Florida, have never been subjected to personal jurisdiction in Florida, have never leased or owned property, office or business space in Florida, have never maintained any personnel, employees or agents in Florida, have never committed a tortious act within Florida, have never owned, used, possessed or held a mortgage or other lien on any real property in Florida, have never contracted to insure a person, property, or risk located within Florida at the time of contracting, have never owned any assets in Florida, have never caused injury to persons or property within Florida arising out of an act or omission outside of Florida, have never breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida and have never had any contacts with Florida which could subject them to being sued here.

7.     Bris Avrohom of Fair Lawn, Inc., a New Jersey non-profit corporation, operates a summer day camp in Fair Lawn, New Jersey. The camp serves Jewish

boys and girls, ages 5-13, from North Jersey. *See* Rabbi Zaltzman's affidavit citing the website at https://www.fairlawncamp.com/.

8.      Bris Avrohom of Fair Lawn, Inc. and FLJDC do business only in the state of New Jersey and neither do any business or have any offices in the State of Florida.  Similarly, Rabbi Zaltzman does no business and has no offices in the State of Florida. *Id.*

9.      Based upon the law set forth in the Memorandum of Law below, all Defendants are entitled to dismissal because there is no *in personam* jurisdiction over them in Florida.

10.      As an alternative ground, which need not be reached if the Court dismisses the case on jurisdictional grounds, the Defendants seek to compel arbitration and to stay this action pending arbitration.

11.      The enrollment documents signed by the Plaintiff online when he enrolled his children in FLJDC in November of 2020 contain the following provisions:

### WAIVER OF TRIAL, AND AGREEMENT TO ARBITRATE

In the event that there are any disputes regarding this Agreement, I, on my own behalf and on behalf of each enrolled child, waive any right to a trial in a court of law before a judge and jury. I, on my own behalf and on behalf of each enrolled child, agree that any such dispute shall be brought no later than ninety (90) days after the last day of Camp in the 2021 Season, and will be determined by binding Arbitration before one (1) arbitrator with experience in the camp industry to be selected by FLJDC, and that such arbitrator shall certify that the arbitrator is free

from any conflict of interest. I, on my own behalf and on behalf of each enrolled child, further agree that the arbitration will take place solely in the State of New Jersey and that the substantive law of New Jersey shall apply, and that if I seek to assert a claim against FLJDC on my own behalf or behalf of my child, I will notify FLJDC in writing with a demand for arbitration. To the extent that any claim I have against FLJDC has not been released or waived by this Agreement, I acknowledge that I have agreed that my sole remedy is to arbitration of such claim, and that such claim may only be brought against FLJDC in accordance with the above Waiver of Trial, and Agreement to Arbitrate.

**AGREEMENT**

I understand that by submitting the application referenced in Section 1(A) under 'Required Information,' I have agreed to abide by all of the terms and conditions of this Camp Parent Agreement and all policies outlined in the parent handbook and other documents FLJDC has made available to parents and outlined in Section 4 under 'Required Information. I have read about what camp may look like in 2021, I have read the risks, I understand them and I assume them on behalf of my child and myself. I understand that if I am not comfortable with any of these agreements, if I disagree with them, or if I have a hard time keeping my disagreement with camp off of social media or discussing them with my friends, I should strongly consider not participating in the 2021 season of FLJDC.

I acknowledge that I have read the entire document and that I understand all terms and conditions.

By signing this document, I acknowledge my understanding of its content and that this document cannot be modified orally.

*See* 2021 Camp Parent Agreement, Exhibit "A" to Affidavit of Rabbi Zaltzman.

12.    The Camp Parent Agreement is part of the enrollment documents for

the FLJDC. On or about Nov 20, 2020, the father of Lia and Alice Yohananov,

Plaintiff herein, filled out an enrollment form for the 2021 FLJDC for his children,

Lia and Alice Yohananov. *See* Affidavit of Rabbi Zaltzman, ¶¶ 19, 20. A true and correct copy of the enrollment form is attached to the Affidavit of Rabbi Zaltzman as Exhibit "B."

13.    The 2021 Camp Parent Agreement referenced above is specifically adopted in the enrollment form. *See* top of page 3 of the enrollment form, which provided a link to the 2021 Camp Parent Agreement: "Read Full Agreement Here." *See* Affidavit of Rabbi Zaltzman, ¶ 20.

14.    Below that link it states: "I understand that by submitting this enrollment referenced in the full agreement in "Required Information," I have agreed to abide by all of the terms, policies and conditions of the Camp Parent Agreement, The Parent Handbook, Camper Code of Conduct, Camp Behavioral Agreement and the Safety and disciplinary policy including but not limited to the camp's refund policy." *See* enrollment form attached as Exhibit "B" to Rabbi Zaltzman's Affidavit and his Affidavit, ¶ 21.

15.    Immediately below that language is the "Parent Agreement Signature" field, wherein Plaintiff electronically signed the agreement.  Below his name it states "Please type your FULL NAME as your electronic signature to the camp parent agreement."  Plaintiff filled in his name as his electronic signature, accepting all of the terms in the Camp Parent Agreement, among other documents which were

included as part of the enrollment package. *See* enrollment form attached as Exhibit "B" to Rabbi Zaltzman's Affidavit and his Affidavit, ¶ 22.

16.     As an alternative ground, which need not be reached if the Court dismisses the case on jurisdictional grounds, the Defendants move to dismiss the Complaint for failure to state a cause of action, pursuant to Rule 12(b)(6).

17.     First, the Plaintiff sues for breach of contract, but fails to allege a cause of action for same.  Second, the Plaintiff sues for violation of a New Jersey Statute, § 56-8-1, which applies only to false or misleading statements with respect to the advertisement or sale of merchandise, not to programs such as camps.

18.     Finally, and as an independent basis for dismissal of Rabbi Zaltzman individually, the Complaint should be dismissed because the Plaintiff fails to allege any cognizable claim for personal liability against an officer/director of the corporate Defendant.

## **MEMORANDUM OF LAW**

### A.     *Standards of Review*

### 1.     *Jurisdiction*

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).  Rule

12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss for lack of personal jurisdiction. The issue of whether the court has personal jurisdiction is a question of law. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010).

In order to withstand a motion to dismiss based on a lack of personal jurisdiction, a plaintiff must plead specific facts sufficient to demonstrate jurisdiction over the non-resident defendant. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Where, as here, the defendant challenges personal jurisdiction by submitting an affidavit or declaration containing a factual denial based on personal knowledge, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *Mazer*, 556 F.3d at 1274.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). The Plaintiff bears the ultimate burden of establishing that personal jurisdiction is present. *Travelers Companies Inc. v. Carrillo*, No. 3:13-CV-267-J-25PDB, 2014 WL 12868913, at *3 (M.D. Fla. Sept. 30, 2014) (quoting *Oldfield*).

Once the evidence is presented, whether to hold an evidentiary hearing is within the Court's discretion. *Commercial Indus. Americana v. Acad. Roofing & Sheet Metal of Fla., Inc.*, No. 11-60774-CIV, 2012 WL 13005797, at *1 (S.D. Fla.

Oct. 10, 2012) (citing *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).

In order to determine whether the Court has personal jurisdiction over a non-resident defendant, the court employs a two-part analysis. First, the Court determines whether the Florida long-arm statute provides a basis for personal jurisdiction. If so, then the Court must determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (citations omitted).

### 2.    Arbitration

District courts consider three factors in reviewing a motion to compel arbitration: (1) Whether there is a valid, written agreement to arbitrate; (2) Whether there is an arbitrable issue; and (3) Whether the right to arbitrate was waived." *Dimattina Holdings, LLC v. Steri-Clean, Inc.*, 195 F. Supp. 3d 1285, 1288 (S.D. Fla. 2016) (*quoting Booth v. S. Wine & Spirits of Am., Inc.,* No. 14–22357–CIV, 2014 WL 5523123, at *2 (S.D. Fla. Oct. 31, 2014) (citations omitted)).

> It is well-established that parties may contract to settle potential disputes by arbitration and that such agreements are favored by law. *Vaden v. Discovery Bank*, 556 U.S. 49, 58 (2009); 9 U.S.C. § 2. As a corollary, "a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). When a court

finds a valid and enforceable arbitration clause binding among the parties, the court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Because the right to arbitrate must be liberally enforced, any doubt about whether a dispute is arbitrable should be resolved in favor of arbitration. *AT&T Techs.*, 475 U.S. at 650.

*Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, No. 614CV1551ORL40GJK, 2015 WL 6869734, at *2 (M.D. Fla. Nov. 9, 2015), aff'd, 845 F.3d 1351 (11th Cir. 2017).

    3.    *Failure to state a cause of action*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)). On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the non-moving party. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

**B.**    **The Complaint must be dismissed due to lack of in personam jurisdiction over any of the Defendants.**

As noted under the "Standard of Review," the plaintiff bears the initial burden of alleging sufficient facts for the Court to exercise personal jurisdiction over the defendant.  The Complaint in this case fails to meet the Plaintiff's burden.  The only

relevant allegations are in paragraph 5 of the Complaint wherein the Plaintiff alleges that Fair Lawn Jewish Day Camp is a day camp for children located in the state of New Jersey, and conducting interstate business in various states within the United States conducting camp business and campers activities. A similar allegation is made in paragraph 9 of the Complaint.  Paragraph 10 of the Complaint alleges that the day camp advertises and promotes enrollment of children ages 5-13 on the internet.

The allegations in paragraphs 5 and 9 do not speak to any contacts which any of the Defendants have with the **State of Florida**.  The allegation in paragraph 10 is insufficient to allege personal jurisdiction as a matter of law.  *See Jackson-Bear Grp., Inc. v. Amirjazil*, No. 2:10-CV-332-FTM-29, 2011 WL 1232985, at *4 (M.D. Fla. Mar. 30, 2011) (asserting that the defendants have a website that can be accessed in Florida is not itself sufficient, where the defendants "have no offices, own no land, possess no licenses in the Middle District of Florida, and there is no evidence that they have obtained revenue from Florida clients").

Although the Plaintiff did not meet his initial burden, the Defendants have nevertheless shown via the Affidavit of Rabbi Zaltzman that none of the Defendants have **any** contacts with the state of Florida.

"A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or relate

to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida, *id.* § 48.193(2)." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015).   Rabbi Zaltzman's Affidavit demonstrates that none of the specific jurisdiction acts set forth in section 48.193(1)(a)[1] exist.

---

[1] 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

4. Contracting to insure a person, property, or risk located within this state at the time of contracting.

5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

"Substantial and not isolated" means "continuous and systematic general business contacts." *United Techs. Corp.*, 556 F.3d at 1275, n. 16 (citation omitted).

Only if it is determined that Florida's long-arm statute permits the court to exercise personal jurisdiction over a defendant, it then must be established that the exercise would be constitutional. It should be noted, however, that for general jurisdiction under section 48.193(2), unlike specific jurisdiction under section 48.193(1)(a), the two-part analysis noted above essentially collapses into one: If a defendant meets the "continuous and systematic" standard, then the court also has the constitutional power to assert personal jurisdiction. *See Meyer v. Carnival Corp.*, 938 F. Supp. 2d 1251, 1258 (S.D. Fla. 2013).

---

a. The defendant was engaged in solicitation or service activities within this state; or

b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.

9. Entering into a contract that complies with s. 685.102.

Nonetheless, for specific jurisdiction under section 48.193(1)(a), the court still must determine if due process is satisfied independently. Due process is satisfied, and a Florida court may constitutionally exercise personal jurisdiction over a nonresident defendant, if there are sufficient "minimum contacts" between the defendant and Florida such that maintaining the suit in Florida "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989). As noted in *Venetian Salami*, the Supreme Court has also ruled that in order to subject the defendant to jurisdiction in the forum state, the defendant's conduct in connection with the forum state must be "such that he should reasonably anticipate being haled into court there." *Id.* at 500 (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).

Here, the Defendants have demonstrated that none of them engaged in **any** activities or business in Florida. As such, the Court is requested to dismiss the Plaintiff's Complaint for lack of *in personam* jurisdiction.

### C.     *Alternatively, the Court should compel binding arbitration and stay the case pending arbitration.*

Defendants assert that the jurisdictional argument raised in Point B above is dispositive and the Court need not consider any other issues raised herein. However, in order not to waive additional issues, Defendants assert the following:

When Plaintiff registered his children for FLJDC, by electronically signing the enrollment form, he specifically agreed to the terms and conditions of the Camp Parent Agreement, which clearly and unambiguously provided that all disputes under the Agreement are to be resolved by binding arbitration, and that a court trial was being waived.[2]

The Camp Parent Agreement further provided that New Jersey law would apply to any disputes.  Federal, Florida and New Jersey law favor resolution of disputes by arbitration. *Gray v. Uber, Inc.*, 362 F. Supp. 3d 1242, 1243 (M.D. Fla. 2019); *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013); *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 84, 800 A.2d 872, 877 (2002).

To effectuate the policy of favoring arbitration, any doubts should be resolved in favor of that method of dispute resolution. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) (Arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be

---

[2] The enrollment form stated, below a link for the Camp Parent Agreement: "I understand that by submitting this enrollment referenced in the full agreement in "Required Information," I have agreed to abide by all of the terms, policies and conditions of the Camp Parent Agreement,...."  Immediately below that language is the "Parent Agreement Signature" field, wherein Plaintiff electronically signed the agreement.  Below his name it states "Please type your FULL NAME as your **electronic signature to the camp parent agreement**."  Plaintiff filled in his name as his electronic signature, accepting all of the terms in the Camp Parent Agreement.

resolved in favor of coverage."); *Jansen v. Salomon Smith Barney, Inc.*, 342 N.J. Super. 254, 258, 776 A.2d 816, 819 (App. Div. 2001).

Under New Jersey law, a parent can waive his child's right to a jury trial, and agree to arbitrate claims. *Sayre by Sayre v. Sky Zone LLC*, No. A-0553-21, 2022 WL 1920410, at *3 (N.J. Super. Ct. App. Div. June 6, 2022) (father of four-year old child electronically filled out entrance form containing jury trial waiver and agreement to arbitrate at trampoline facility). The agreement in *Sayre* required arbitration in the case of personal injury and/or (as here) "any disputes regarding this agreement." *Id.* at *2.

Based on the foregoing, in the unlikely event the Court should find it has *in personam* jurisdiction over the Defendants, the Court should compel arbitration in New Jersey, and stay this action pending same.

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rambaran v. Park Square Ent., Inc.*, 2008 WL 4371356, *2 (M.D. Fla. Sept. 22, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A stay of the proceedings is appropriate where, as here, a motion to compel arbitration is pending. *See*, *e g.*, *Smith v. Davison Design & Development, Inc.*, 2013 WL 12155489 (M.D. Fla. 2013) (granting motion to stay proceedings until further order of the court during pendency of motion to compel

arbitration). Such a stay may be warranted because participation in litigation, including discovery, can militate in favor of a finding that a party has waived their right to arbitrate. *See*, *e.g.*, *Harrell's LLC v. Agrium Advanced (U.S.) Technologies, Inc.*, 2011 WL 1596007, at *2-*3 (M.D. Fla. 2011) (granting motion to stay discovery pending resolution of the motion to compel arbitration).

**D.**     ***Alternatively, the Court should dismiss the Complaint for failure to state a cause of action.***

As with Point C, this argument is raised in an abundance of caution and need not be ruled upon if the Court grants the Motion to Dismiss on jurisdictional grounds.

In Count One of his Complaint, the Plaintiff sues under the New Jersey Consumer Fraud Act. As a preliminary matter, although the Plaintiff has asserted that the Defendants falsely advertised, the Complaint refers only to statements on a webpage. Even if such statements (quoted in paragraph 10 of the Complaint) could be found to be advertisements, which Defendants dispute, the Plaintiff has not pled when those statements were posted on the FLJDC website, requiring dismissal. *See Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 611 (D.N.J. 2016).

Secondly, and fatal to the Plaintiff's claim is that the New Jersey Consumer Fraud Act covers unconscionable commercial practices, deception, fraud, etc. in the "sale or advertisement of any merchandise or real estate." N.J. Stat. Ann. § 56:8-2. The allegations of the Plaintiff's Complaint do not bring his claim under the Act because attendance at a day camp does not constitute "merchandise or real estate."

Moreover, although the Plaintiff baldly claims that the content on the FLJDC website was false and deceptive, the Court can and should determine that, as a matter of law, the website content quoted in the Complaint does not constitute false and deceptive advertising.

The Plaintiff has also sued for breach of contract, but has failed to set forth a valid cause of action for same.  In Count Two of the Complaint, the plaintiff asserts that he enrolled his children in FLJDC with the expectation they would be safe, but Defendants breached the contract by allowing a staff member to engage in verbal abuse against one of Plaintiff's children.

Under New Jersey law, to prevail on a breach of contract claim, the plaintiff must prove four elements:

> first, that the parties entered into a contract containing certain terms; second, that [the] plaintiff did what the contract required [the plaintiff] to do; third, that [the] defendant did not do what the contract required [the defendant] to do, defined as a breach of the contract; and fourth, that [the] defendant's breach, or failure to do what the contract required, caused a loss to the plaintiff.

*Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501, 512, 206 A.3d 386, 392 (2019) (quoting *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482, 139 A.3d 57 (2016)).

It is elementary that, to adequately plead a breach of contract claim, the plaintiff must identify the relevant portion of the contract breached. *14250 Realty Assocs., Ltd. v. Weddle Bros. Const. Co.*, No. 8:07-CV-788-T-27EAJ, 2008 WL 4853635, at *4 (M.D. Fla. Nov. 6, 2008).  The Plaintiff has not done that here.

The Plaintiff neither attaches the contract nor cites to any portions of same. He cites to content on a website, but not to an actual contract. Moreover, even the content on the website cited in the Complaint does not constitute a contractual promise, but involve the camp's Mission Statement, Goals and a statement that staff members are picked with care. *See* paragraph 10 of Complaint. The Plaintiff fails to plead which part of this content constitutes a contractual undertaking, if any, and which parts, if any, were allegedly breached.

As such, the Plaintiff has failed to state a cause of action for violation of the New Jersey Consumer Fraud Act or for breach of contract.

### E.   As an independent ground for dismissal, the individual claims against Rabbi Zaltzman should be dismissed for failure to state a cause of action.

New Jersey follows the general rule that "[a] director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character, but, a director or officer who commits a tort, or who directs the tortious act to be done, or participates or cooperates therein, is liable to third persons injured." *Charles Bloom & Co. v. Echo Jewelers*, 279 N.J. Super. 372, 381, 652 A.2d 1238, 1243 (App. Div. 1995).

Other than alleging that Rabbi Zaltzman apologized and then failed to take any action, including a refund of the enrollment fees, no allegations of tortious

conduct are alleged against Rabbi Zaltzman.  Moreover, it is not alleged that he was a party to the contract sued upon.

      As such, Rabbi Zaltzman is entitled to dismissal.

      WHEREFORE, Defendants, BRIS AVROHOM OF FAIR LAWN d/b/a FAIR LAW JEWISH DAY CAMPS, BRIS AVROHOM OF FAIR LAWN, INC. and RABBI MENDEL ZALTZMAN, move the Court to dismiss this action for lack of *in personam* jurisdiction, and for the other alternative relief sought herein, if applicable.

CASE NO. 2:22-CV-283-JLB-MRM

## <u>CERTIFICATE OF GOOD FAITH</u>

Pursuant to Local Rule 3.01(g), undersigned called and spoke with the Plaintiff, explaining to him that undersigned was required to confer about the forthcoming Motion to Dismiss, etc. The Plaintiff stated that undersigned would need to put it in writing and mail it to the Plaintiff. However, undersigned then sent an email to the Plaintiff explaining the need for conferral and the topics that would be included in the forthcoming motion. Both the phone call and the email occurred on June 15, 2022; the email was also mailed to Plaintiff. Plaintiff responded to undersigned's email on June 17, 2022. Both are attached hereto, as Exhibits 2 and 3. The undersigned interprets Plaintiff's response as his unwillingness to agree to any of the relief set forth in Defendant's Motion to Dismiss.

DATED:  June 20, 2022

Respectfully submitted,

  /s/ Dale L. Friedman
Dale L. Friedman, Esquire
Florida Bar No.:  854646
dfriedman@conroysimberg.com
Conroy Simberg
3440 Hollywood Boulevard, Second Floor
Hollywood, FL 33021
(954) 961-1400
(954) 518-8652
Attorney for Defendants, Bris Avrohom Of
Fair Lawn, d/b/a Fair Law Jewish Day
Camps, Bris Avrohom Of Fair Lawn, Inc.
and Rabbi Mendel Zaltzman

CASE NO. 2:22-CV-283-JLB-MRM

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed and emailed a copy to the Plaintiff at the addresses listed below.

　/s/ Dale L. Friedman　
Dale L. Friedman, Esquire
Florida Bar No.:  854646

CASE NO. 2:22-CV-283-JLB-MRM

## **<u>SERVICE LIST</u>**

YOHANANOV, ASA as n/f of LIA & ALICE YOHANANOV V. BRIS
AVROHOM, ET AL
Case No. 2:22-CV-283-JLB-MRM
United States District Court, Middle District of Florida

Asa Yohananov
asayohananov@gmail.com
3865 King Williams Street
Fort Myers, FL 33916